Dear Mr. Jones:
Your request for an Attorney General opinion on behalf of Rapides Parish Waterworks District No. 3 was forwarded to me for research and reply. Your inquiry as I understand it is, whether the District's policy addressing adjustments for water leaks as written, is in compliance with current state law?
Generally, there is a prohibition against the loan, pledge or donation of public funds, property or things of value to any person, association or corporation, public or private.[1]
However, a water district is authorized to implement a credit policy for water leaks only in instances where the damage was not the fault of the customer.[2] Please also see La.Atty. Gen. Op. 03-155 where we opined that a customer who has a leak must document all leaks and repairs prior to receiving an adjustment.
The District's credit policy, as written, does not require documentation of the leak and repairs by the customer before adjustments can be made. Therefore, we recommend that the District modify its policy to require such. Otherwise, the District will not know the nature of and cost to repair the leak. Without evidence that the leak was caused by the District, a credit would be tantamount to a donation of public funds.
We hope this opinion has sufficiently addressed your concerns. If you need further assistance, please do not hesitate to contact us.
Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________________ CHARLENE PATTERSON Assistant Attorney General
 ATTACHMENT April 20, 2005 OPINION 05-0155
 53-HOSPITALS 90-POLICE JURIES R.S. 46:1051; R.S. 56:1053(A) Richland Parish Hospital Service District No. 1-B Commissioner must be a qualified voter and resident of the hospital parish service district.
 Mr. David Doughty Assistant District Attorney Fifth Judicial District P.O. Box 857 Rayville, LA 71269
You ask this office to advise you whether there is a residency requirement for the appointment of a physician to Richland Parish Hospital Service District 1-B. We respond in the affirmative.
A hospital service district is a creation of the police jury. See R.S. 46:1051.[1] Further, R.S. 46:1053(A) sets forth qualifications applicable to hospital service district commissioners and provides:
 A. Any hospital service district formed or created under the provisions of this Chapter shall be governed by a board of five commissioners, hereafter referred to as commission, who shall be qualified voters and residents of the district. The commission shall be appointed by the police jury of the parish. Two of the first commissioners so appointed shall serve for two years, two for four years and one for six years. (Emphasis added).
The general provision quoted above is applicable to all hospital service district boards and requires that the commissioners appointed shall be qualified voters and residents of the district. This is true notwithstanding provisions in the law which change the number of commissioners for a particular hospital service district, including Richland Hospital Service District No. 1-B.[2] Therefore, Dr. Craig Folse must be a qualified voter and a resident of the district in order to be a qualified commissioner.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK: ams
[1] Art. VII, Sec 14 of Louisiana Constitution.
[2] Attorney General Opinion No. 03-0155.
[1] R.S. 46:1051 states, in pertinent part:
 § 1051. Authority to create and alter the boundaries of districts
 A. The police juries of parishes are authorized and empowered, upon their own initiative, to form and create one or more hospital service districts within the respective parishes, or with agreement among police juries concerned, to combine two or more parishes into a single hospital service district with such names as the police juries may designate, and, in so doing, police juries may create hospital service districts whose boundaries overlap those of other hospital service districts.
 B. The police juries are further authorized and empowered, upon their own initiative, to alter the boundaries of any hospital service district, provided that no such boundary change shall cause an impairment of the obligations of any contract of the hospital service district.
[2] R.S. 46:1053(F) governs the Richard Parish Hospital Service District and provides:
 F. In the parish of Richland, the Richland Parish Hospital Service District, within which is situated the Richland Parish Hospital, shall be governed by a board of commissioners composed of seven members. These two additional members shall be medical doctors. One of the first additional commissioners so appointed shall serve for two years, and one for four years; thereafter, their terms shall be as provided in Subsection C of this Section. The Richland Parish Hospital Service District Number 1-B, within which is situated the Richardson Medical Center in Rayville, shall be governed by a board of commissioners consisting of six members. One of the members shall be a physician selected by the staff of the Richardson Medical Center. Notwithstanding any other provision to the contrary, the parish governing authority of Richland Parish may permit a per diem to each member of the board of commissioners of the Richland Parish Hospital Service District in an amount of not less than twenty-five dollars nor more than fifty dollars for each day of his attendance at meetings of the commission, not to exceed twenty-four meetings per year payable out of the funds of the hospital service district.